1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  NORTHERN CALIFORNIA GLAZIERS,          Case No.: 12-0354 SI
    ARCHITECTURAL METAL AND GLASS
11  WORKERS PENSION TRUST FUND, et al.,    **NOTICE AND ACKNOWLEDGMENT;
                                           and**
12              Plaintiffs,
              v.                           **JUDGMENT PURSUANT TO
13                                         STIPULATION; [PROPOSED] ORDER
    PRESTIGE GLASS & STOREFRONT            THEREON**
14  COMPANY, INC., a California corporation,

15              Defendant.

16

17        IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be

18  entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS,

19  ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, et al.

20  (collectively "Plaintiffs" or "Trust Funds") and against Defendant PRESTIGE GLASS &

21  STOREFRONT COMPANY, INC., a California Corporation, and/or alter egos and/or successor

22  entities, as follows:

23        1.    Defendant entered into a valid Collective Bargaining Agreement with the

24  District Council 16 of the International Union of Painters and Allied Trades and the Northern

25  California Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining

26  Agreement has continued in full force and effect to the present time.

27        2.    ELOY AMBRISO SOLIS, as RMO of PRESTIGE GLASS & STOREFRONT

28  COMPANY, INC., hereby acknowledges that he is authorized to receive service on behalf of

PRESTIGE GLASS & STOREFRONT COMPANY, INC. and has received the following documents in this action: Summons; Complaint; Notice of Assignment of Case to a United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to Proceed Before a Magistrate Judge and Request For Reassignment to A United States District Judge (Blank Form); Order Setting Initial Case Management Conference and ADR Deadlines; Standing Order For United States Magistrate Judge Laurel Beeler; Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement; Welcome to the Oakland Divisional Office of the U.S. District Court; ECF Registration Information Handout; Certification of Interested Entities or Persons Pursuant to Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and Request For Reassignment to A United States District Judge; Notice of Impending Reassignment; Reassignment Order; Docket Text entered on 2/8/12 at 3:11 PM (Dkt. #8); Case Management Conference Order; Judge Illston's Standing Order; Standing Order For All Judges of the Northern District of California; ADR Dispute Resolution Procedures in the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of and ADR Process; Stipulation and [Proposed] Order Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR Certification By Parties and Counsel (Blank Form).

3.     Defendant has become indebted to the Trust Funds as follows:

| Work Period | Unpaid Contributions | 20% Liquidated Damages | 5% Interest (thru 3/30/12) | Subtotals |
|---|---|---|---|---|
| 6/11 | 13,441.18 | 2,688.24 | 447.12 | |
| 7/11 | 10,456.57 | 2,091.31 | 303.16 | |
| 8/11 | 15,850.81 | 3,170.16 | 394.94 | |
| 9/11 | 17,979.34 | 3,595.87 | 371.46 | |
| 10/11 | 10,636.55 | 2,127.31 | 176.66 | |
| 11/11 | 10,790.17 | 2,158.03 | 133.20 | |
| 12/11 | 1,026.61 | 205.32 | 8.26 | |
| 1/12 | 19,364.96 | 3,872.99 | 79.50 | |
| *Subtotals:* | *$99,546.19* | *$19,909.23* | *$1,914.30* | |
| Total Unpaid Contributions, Liquidated Damages, Interest (6/11-1/12) | | | | *$121,369.72* |
| Attorneys' Fees (through 4/9/12) | | | | *$2,940.00* |
| Complaint Filing Fee | | | | *$350.00* |
| **Grand Total:** | | | | *$124,659.72* |

4.      Defendant shall **conditionally** pay the amount of **$104,750.49**, representing all of the above amounts, **less liquidated damages in the amount of $19,909.23.** ***This waiver is expressly conditioned upon the Trustees' approval following timely compliance with all of the terms of this Stipulation,*** as follows:

(a)      On or before April 13, 2012, Defendant shall pay to Plaintiffs the sum of **$40,000.00.** Beginning on or before May 10, 2012, and on or before the 10th day of each month thereafter, for a period of eleven (11) months, through and including March 10, 2013, Defendant shall pay to Plaintiffs the amount of **$6,055.00** per month;

(b)      Any payments made by a general contractor's joint check to Defendant and Plaintiffs' Trust Funds, and if so, shall be endorsed by Defendant prior to submission to Plaintiffs;

(c)      Defendant shall have the right to increase the monthly payments at any time, without penalty;

(d)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from March 31, 2012, in accordance with Plaintiffs' Trust Agreements;

(e)      Payments shall be made payable to the "*District Council 16 Northern California Trust Funds*" and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the 10th day of each month**.

(f)      Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs, following those included in ¶3 herein, in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

(g)      Prior to March 10, 2013, the deadline for Defendant's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the

1   provisions hereunder shall be paid in full with the final conditional stipulated payment.

2          (h)     Following Defendant's payment of the last conditional monthly payment

3   under the Stipulation, Defendant will be advised as to whether or not the waiver has been granted

4   by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendant's last

5   payment of the conditional balance and confirmation that Defendants' account is otherwise

6   current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the

7   waiver is denied, monthly payments will continue as provided in (a) above, until all liquidated

8   damages due have been paid.

9          (i)     Failure to comply with any of the above terms shall constitute a default of

10  Defendant's obligations under this Stipulation and the provisions of ¶13 shall apply.

11      5.     ELOY AMBRISO SOLIS acknowledges that he is the RMO of PRESTIGE

12  GLASS & STOREFRONT COMPANY, INC., and is authorized to enter this Stipulation on behalf

13  of Defendant. ELOY AMBRISO SOLIS (hereinafter referred to as "Guarantor") confirms that he

14  is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further

15  acknowledges that all affiliates, related entities, purchasers, and successors in interest to

16  PRESTIGE GLASS & STOREFRONT COMPANY, INC. shall also be bound by the terms of this

17  Stipulation as Guarantor, and also consent to this Court's jurisdiction.

18      6.     Plaintiffs acknowledge timely receipt of contributions due for hours worked by

19  Defendant's employees during the month of February 2012, pending bank clearance of

20  Defendant's check. Beginning with contributions due for hours worked by Defendant's employees

21  during the month of March 2012, which are due on April 13, 2012 and delinquent if not received

22  by April 30, 2012, and for every month thereafter, Defendant/Guarantor **shall remain current in**

23  **reporting and payment of any contributions** due to Plaintiffs under the current Collective

24  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

25  the Declarations of Trust as amended. **Defendant shall timely submit a copy of all contribution**

26  **reports for each month, together with a copy of the payment check(s), by facsimile or email**

27  **to Muriel B. Kaplan at 415-882-9287, or by email to both mkaplan@sjlawcorp.com** *and*

28  **ethurman@sjlawcorp.com or to such other fax number or email address as may be specified**

by Plaintiffs, <u>concurrent with sending the payment to the Trust Fund office.</u> Failure by Defendant to timely submit copies of current contribution reports and payments to Muriel B. Kaplan as described above shall constitute a default of the obligations under this agreement.

7.      Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs each month with an ongoing and updated list of jobs by using copies of the attached Exhibit A, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, and period of work. **Defendant shall submit said updated list each month together with the contribution report (as required in above ¶6, by fax or email).** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be mailed or faxed to Muriel B. Kaplan, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendant to timely submit updated job lists and certified payroll reports as applicable, shall constitute a default of the obligations under this agreement.

8.      Failure by Defendant/Guarantor to remain current in reporting or payment of monthly contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.      **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant's to comply with said request or with an audit in progress, if

1     any, shall constitute a default of the obligations under this Agreement.

2           (a)     If Defendant is unable to make payment in full as may be found due on any

3     such audit, Defendant may request that Plaintiffs revise this Judgment, modifying the payment

4     plan (by monthly amount and/or payment term), to add the amounts found due in the audit, subject

5     to the terms herein. If the Judgment is so revised, Defendant/Guarantor shall execute the

6     Amendment to Judgment within ten (10) days of its submission to Defendant/Guarantor. Failure to

7     execute the revised agreement shall constitute a default of the terms herein.

8           (b)     Failure by Defendant/Guarantor to submit either payment in full, or provide

9     written support for any dispute of the audit findings, or request the addition of the amounts found

10     due on audit to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute

11     a default of the obligations under this agreement. All amounts found due on audit shall

12     immediately become part of this Judgment, subject to proof.

13        10.     In the event that any check is not timely submitted, is submitted by

14     Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for

15     which Defendant/Guarantor is responsible, this shall be considered to be a default on the Judgment

16     entered. If Defendant/Guarantor fail to submit their contribution reports, and/or certified payroll

17     reports (if any) and/or job lists, and/or fails to comply with **any** of the terms of the Stipulation

18     herein, this too shall constitute a default.

19        11.     Defendant/Guarantor and any additional entities in which ELOY AMBRISO

20     SOLIS is an officer, owner or possesses any ownership interest, including all successors in

21     interest, assignees, and affiliated entities (including, but not limited to parent or other controlling

22     companies), and any companies with which PRESTIGE GLASS & STOREFRONT COMPANY,

23     INC. joins or merges, if any, shall also be bound by the terms of this Stipulation.

24     Defendant/Guarantor and all such entities specifically consent to the Court's jurisdiction, in which

25     shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant,

26     along with the obligations to the terms herein.

27        12.     If a default occurs, Plaintiffs shall make a written demand, sent to

28     Defendant/Guarantor by facsimile to 650-592-6895 and by regular mail, to cure said default within

seven (7) days of the date of the notice from Plaintiffs. If Defendant/Guarantor elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

13.     In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a)     The entire amount of $124,659.72 plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, including audit findings, if any, plus 20% liquidated damages and 5% per annum interest, together with any additional attorneys' fees and costs incurred;

(b)     A Writ of Execution may be obtained against Defendant/Guarantor and all related entities without further notice, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

(c)     Defendant/Guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.

14.     Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

15.     In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

16.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

18.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

///

///

///

///

///

///

///

///

///

**NOTICE AND ACKNOWLEDGEMENT; JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 12-0354 SI**

21.    All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: April 13, 2012                      **PRESTIGE GLASS & STOREFRONT COMPANY, INC., a California Corporation**

By:    _____/S/_____
ELOY AMBRISO SOLIS,
its RMO

Dated: April 13, 2012                      **ELOY AMBRISO SOLIS, an individual**

By:    _____/S/_____
ELOY AMBRISO SOLIS

Dated: April 13, 2012                      **SALTZMAN & JOHNSON LAW CORPORATION**

By:    _____/S/_____
MURIEL B. KAPLAN
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated:   _4/17_____, 2012

_____ UNITED STATES DISTRICT COURT JUDGE

## *Exhibit A*

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Muriel B. Kaplan, Esq., at (415) 882-9287
on or before the <u>last business day</u> of each month \*\*\***

Employer Name: **PRESTIGE GLASS & STOREFRONT COMPANY, INC.**

Report for the month of _____, 2012_Submitted by (name): _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*\*\*\* Attach additional sheets as necessary \*\*\**

-1-
**Ex. A to NOTICE AND ACKNOWLEDGEMENT; JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 12-0354 SI**

P:\CLIENTS\GLACL\Prestige Glass & Storefront 3\Pleadings\C12-0354 SI - Ntc & Ack and Judgment Pursuant to Stipulation 041312.doc

21.    All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated: April 13, 2012                    **PRESTIGE GLASS & STOREFRONT COMPANY, INC., a California Corporation**

                                          By: _____
                                              ELOY AMBRISO SOLIS,
                                              its RMO

Dated: April 13, 2012                    **ELOY AMBRISO SOLIS, an individual**

                                          By: _____
                                              ELOY AMBRISO SOLIS

Dated: April 13, 2012                    **SALTZMAN & JOHNSON LAW CORPORATION**

                                          By: _____
                                              MURIEL B. KAPLAN
                                              Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2012

_____
UNITED STATES DISTRICT COURT JUDGE

NOTICE AND ACKNOWLEDGEMENT; JUDGMENT PURSUANT TO STIPULATION
Case No.: 12-0354 SI

P:\CLIENTS\GLACL\Prestige Glass & Storefront 3\Pleadings\C12-0354 SI - Ntc & Ack and Judgment Pursuant to Stipulation 041112.doc